This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Stanley E. Jalowiec, appeals from the decision of the Lorain County Court of Common Pleas, which denied his motion for postconviction relief. We affirm.
 {¶ 2} On March 20, 1996, Mr. Jalowiec was found guilty of aggravated murder, in violation of R.C. 2903.01(A), with firearm and death penalty specifications pursuant to R.C. 2941.145 and R.C.2929.04(A)(8) respectively. On April 11, 1996, the trial court accepted the jury's recommendation of a sentence of death. On April 17, 1997, Mr. Jalowiec filed his first amended petition for postconviction relief. On August 6, 1997, Mr. Jalowiec filed a second amended petition for postconviction relief. On March 30, 1998, Mr. Jalowiec filed a motion to strike the previous amended petitions and requested additional time and discovery to perfect another postconviction relief petition to be filed at a later date. On February 22, 2000, Mr. Jalowiec filed a pro se third amended petition for postconviction relief. The state filed a response in opposition to the postconviction pleadings on April 9, 2001. On April 12, 2001, the Lorain County Court of Common Pleas dismissed Mr. Jalowiec's third amended petition. On March 7, 2002, this Court affirmed the trial court's dismissal of Mr. Jalowiec's petition for postconviction relief.State v. Jalowiec (Mar. 6, 2002), 9th Dist. Nos. 01CA007844, 01CA007847.
 {¶ 3} On July 17, 2002, Mr. Jalowiec filed a second (fourth amended) petition for postconviction relief requesting an evidentiary hearing. On August 12, 2002, the state filed its response to Mr. Jalowiec's second petition. On August 15, 2002, the petition was denied by the Lorain County Court of Common Pleas finding that Mr. Jalowiec's petition was untimely and failed to meet the requirements of R.C. 2953.23. This appeal followed.
 {¶ 4} Mr. Jalowiec asserts six assignments of error. We will discuss them together to facilitate review.
 First Assignment of Error "The trial court erred in dismissing appellant's second post-conviction petition filed pursuant to O.R.C. § 2935.23(A)(1)(a) (2) where the petition meets the necessary prerequisites mandated by O.R.C. § 2935.23 in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution."
 Second Assignment of Error "A petitioner, in a second post-conviction petition proceeding is entitled to an evidentiary hearing and discovery when the second petition meets the necessary prerequisites pursuant to O.R.C. § 2953.23 and when the claims raise a constitutional violation which is supported by specific factual allegations not capable of determination from the original record."
 Third Assignment of Error "Where a claim in a second post-conviction petition met the necessary requirements set forth in O.R.C. § 2953.23 and the post-conviction petition is supported by evidence dehors the record as well as evidence appearing in the record, the doctrine of res judicata does not apply. State v. Scott, 63 Ohio St.3d 98, (1985) followed."
 Fourth Assignment of Error "The failure of the State to disclose exculpatory impeachment evidence regarding their key material witness, Michael Smith, is a violation of the United States Constitution and Brady v. [Maryland], (1963), 373 U.S. 83, and renders the underlying conviction and sentence void or voidable."
 Fifth Assignment of Error "A post-conviction petitioner is entitled to discovery, expert assistance and funds to retain such expert assistance when his second post-conviction petition meets the necessary requirements set forth in § 2953.23 and when the petition is supported by specific factual allegations not capable of determination from the original record and the claims raise a constitutional violation, the trial court violated petitioner's right's under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Section 39, Article I of the Ohio Constitution."
 Sixth Assignment of Error "Ohio's post-conviction procedures do not afford an adequate corrective process nor do they comply with due process or equal protection and § 2953.23 is facially unconstitutional as applied to appellant because it deprives him of due process, equal protection, and to be free from cruel and unusual punishment as guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution."
 {¶ 5} Essentially, Mr. Jalowiec is appealing the denial of relief based on three assertions. First, he was denied the medical records of Michael Smith. Second, he was given ineffective assistance by trial counsel during the guilt/innocence phase. Third, Ohio's postconviction process is unconstitutional.
 {¶ 6} Postconviction relief is governed by R.C. 2953.21.
 "A petition under division (A)(1) of this section (for postconviction relief) shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court." R.C. 2953.21(A)(2)
 {¶ 7} Mr. Jalowiec did not file within the allotted 180 days. Moreover, Mr. Jalowiec had filed a previous petition. Therefore, the trial court lacked jurisdiction to entertain this successive petition unless Mr. Jalowiec met the requirements of R.C. 2953.23. See State v.Hurst (Jan. 10, 2000), 5th Dist. No. 1999CA00171. See, also, State v.Mullen (Sept. 6, 2001), 4th Dist. No. 00CA24; State v. Harris (Feb. 9, 2001), 2d Dist. No. 18525; State v. Smith (Feb. 17, 2000), 8th Dist. No. 75793. The trial court may consider a second or successive petition for postconviction relief only if petitioner can demonstrate:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"[and]
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence." R.C. 2953.23(A)
 {¶ 8} Mr. Jalowiec contends that he was denied Mr. Smith's medical records regarding Mr. Smith's mental condition, and that this denial amounted to a Brady violation. A Brady violation occurs when the prosecution suppresses evidence requested by the accused that is material to the guilt or punishment of the accused. Brady v. Maryland (1963),373 U.S. 83, syllabus, 83 S.Ct. 1194, 10 L.Ed.2d 215. However, Mr. Jalowiec failed to show that he was unavoidably prevented from discovery of the facts during the six years that passed between his conviction and this second petition for postconviction relief. This Court has found a "mere blanket assertion (that discovery was prevented), without more, to be insufficient" to demonstrate that one was unavoidably prevented from discovery of the facts. State v. Logan, 9th Dist. No. 21070,2002-Ohio-6290, at ¶ 15, appeal not allowed, 98 Ohio St.3d 1492,2003-Ohio-1189. Mr. Jalowiec does not argue that he has been deprived of a new right recognized by the United States Supreme Court. Mr. Jalowiec, therefore, fails to meet the first requirement of R.C. 2953.23. Because Mr. Jalowiec failed to meet the requirements necessary to consider an untimely or successive postconviction relief petition, the trial court lacked jurisdiction to consider his petition. Accordingly, the trial court did not commit an error in denying Mr. Jalowiec's postconviction relief requesting an evidentiary hearing.
 {¶ 9} Mr. Jalowiec's assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J. and BAIRD, J. CONCUR.